United States Court of Appeals,

Eleventh Circuit.

No. 95-4909.

Duane Eugene OWEN, Plaintiff-Appellant,

v.

Richard P. WILLE, Sheriff, Defendant,

and

Steve Lasley, Director, Robert Kerr, Major, Captain Jackson, Mr., C. Kneisley, Lieutenant, Davis, Supervisor, Palm Beach County Detention Facility, Defendants-Appellees.

July 24, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-8033.CV-WDF), Wilkie D. Ferguson, Jr., Judge.

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Duane Owen appeals from an adverse summary judgment on his 42 U.S.C. § 1983 claim in which he alleges that the defendants, officials at the Palm Beach County Detention Facility, unconstitutionally deprived him of access to various publications.[1] After receiving no relief from internal appeals, Owen filed the § 1983 suit now before us, claiming that the deprivation of his publications violated his First Amendment rights. The district court granted summary judgment in favor of the defendants, holding that the procedures used by the prison officials to screen Owen's mail did not violate the Constitution. Owen appeals. Because Owen has failed to show that there is a material issue to be tried, we affirm the summary judgment.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence

---

[1] Owen appeared pro se before the district court, but was represented by counsel on appeal.

of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). If the moving party carries this burden, "Rule 56(e) ... requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file,' designate "specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e)). However, "[w]e do not mean that the non-moving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing to which we have referred." *Id.* at 324, 106 S.Ct. at 2553. In this case, Owen filed a complaint alleging that he was denied access to his publications because they contained nude photos. The defendants moved for summary judgment, asserting that they banned the sexually explicit material for legitimate penological reasons, and that they provided a mechanism for internally reviewing any decisions prohibiting a prisoner from receiving a specific publication, thereby complying with the dictates of the Constitution. They supported their assertion with a sworn affidavit from defendant Steven Lasley, the Palm Beach County Director of Corrections.

The affidavit, along with sworn attached exhibits, reflected that all incoming mail for prisoners was subjected to three tiers of review before being prohibited. If an initial reviewer determined that an item of mail should be prohibited, the item would be forwarded to a supervisor to perform an independent review. If the supervisor agreed that the item of mail should be prohibited, it was then forwarded to a more senior supervisor for a final review. If the final reviewer agreed that the item should be prohibited, a notice was sent to the prisoner stating that the mail had been received and was being held with the prisoner's property, pending release from the correctional facility. Furthermore, prisoners dissatisfied with the prohibition of certain items could file an internal grievance, which itself provided for three levels of review.

**Discussion**

It is well established that prisoners retain First Amendment rights. As the Supreme Court has emphasized, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989) (quoting *Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987)). However, the Court has also recognized that "these rights must be exercised with due regard for the "inordinately difficult undertaking' that is modern prison administration." *Thornburgh,* 490 U.S. at 407, 109 S.Ct. at 1878 (quoting *Turner,* 482 U.S. at 85, 107 S.Ct. at 2259-60).

In *Thornburgh,* the Supreme Court held that "regulations affecting the sending of a "publication' ... to a prisoner must be analyzed under the *Turner* reasonableness standard. Such regulations are "valid if [they are] reasonably related to legitimate penological interests.' " *Thornburgh,* 490 U.S. at 413, 109 S.Ct. at 1881 (quoting *Turner,* 482 U.S. at 89, 107 S.Ct. at 2261-62) (bracketed text in *Thornburgh* ). The Supreme Court then enunciated the factors that inform this reasonableness inquiry: (1) whether the governmental objective underlying the regulations at issue is legitimate and neutral, and whether the regulations are rationally related to that objective; (2) whether there are alternative means of exercising the right that remain open to prison inmates at de minimis cost to penological interests; and (3) the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison. *Thornburgh,* 490 U.S. at 414-18, 109 S.Ct. at 1882-84. Additionally, in approving the prison regulations at issue in *Thornburgh,*[2] the Court relied on "the individualized nature of the determinations required by the regulations" specifically noting that the policy there contained a "prohibition against establishing an excluded list of publications" and that "the regulations expressly reject certain shortcuts that would lead to needless exclusions." *Id.* at 416, 417, 109 S.Ct. at 1883, 1883. In our circuit, *Guajardo v. Estelle,* 580 F.2d 748, 762 (5th Cir.1978), held that "before delivery of a publication may be refused, prison administrators must review the particular issue of the publication in question

[2]The Supreme Court there considered 28 C.F.R. §§ 540.70, .71 (1988), which govern federal prisons.

..."[3] *See also Pepperling v. Crist,* 678 F.2d 787, 791 (9th Cir.1982) ("We note, however, that the blanket prohibition against the receipt of the publications by any prisoner carries a heavy presumption of unconstitutionality.").

Defense counsel does not contest that a blanket ban on nude photographs would be unconstitutional,[4] but argues that this record reflects that Owen's constitutional rights were protected by specific examinations of the publication in question. In support of their motion for summary judgment, the affidavit by the prison official indicates that, in practice, each publication sent to a prisoner is reviewed by at least three prison officials before it is rejected. These assertions have not been contradicted, and on this record there is no evidence that Owen has suffered any injury. Owen's response to the affidavit consists of unauthenticated copies of the prison's response to his grievance forms. His response does not address the sworn affidavit's assertion that each publication is individually reviewed and rejected. Thus, there is no disputed issue of material fact. On the state of this record, we cannot say that the district court erred in granting summary judgment.

AFFIRMED.

---

[3]All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

[4]At oral argument, defense counsel was asked, "You agree that a blanket prohibition against nude photographs would be unconstitutional?" to which counsel responded, "Facility-wide, yes."